UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CADENCE BANK, N.A.,

    Plaintiff,

v.                                       CASE NO. 8:13-cv-1290-T-23MAP

JOSEPH A. COSTELLO, SR., et al.,

    Defendant.
_____/

**<u>ORDER</u>**

    Cadence Bank, N.A., sues (Doc. 1) Joseph A. Costello Sr. after his default in the repayment of five loans,[1] each of which is secured by real property. The bank demands either the balance due on each loan or foreclosure of the lien on the assigned collateral. After Mr. Costello voluntarily petitioned for relief under Chapter 7 of the Bankruptcy Code, an order (Doc. 44) stayed this action. Following a discharge of Mr. Costello's *in personam* liability, an order (Doc. 47) lifted the stay to permit the bank to foreclose each lien on the assigned collateral.

    The bank moves (Doc. 58) for a default judgment against Mr. Costello and against Lisabet Costello on Counts VI through X, each of which demands foreclosure

---

[1] Each of the five loans and each of the five real properties are identified in the complaint (Doc. 1). Any undefined capitalized term referring to a loan or real property has the meaning defined in the complaint.

of a lien on the assigned collateral. In each of these counts, the bank adequately states a claim for foreclosure. Far more than twenty-one days has passed since service of the summons and the complaint. Mr. and Mrs. Costello have failed to answer, and the clerk has entered a default (Docs. 27, 28) against each. Accordingly, Mr. and Mrs. Costello are in default and consequently admit each allegation in Counts VI through X.

Further, the bank moves (Doc. 58) for default judgment against Zack Goodman, Mike Vermillan, Tim Firstenberger, Donna Crace, and Carolyn Banks (collectively, the Tenants) on Count VIII, which demands foreclosure of the lien on the Third Mortgaged Property. The bank argues that "the deadline to respond to the Complaint has passed and the Tenants have failed to file, plead, or otherwise defend this action as required by the Federal Rules of Civil Procedure." (Doc. 58 at 21) However, Count VIII fails to state a claim against the Tenants. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). Although the complaint contains a mention of "Unknown Tenants,"[2] the complaint fails to identify any interest of the Tenants and fails to request relief against the Tenants.

Also, the bank moves (Doc. 58) for a summary judgment against Eastern Industrial Park Property Owners' Association, Inc., and The Barber Center

---

[2] After filing the complaint, the plaintiff learned the identities of the Tenants and moved (Doc. 10) to substitute party defendants.

Condominium Association, Inc., (collectively, the Associations) on Count X, which demands foreclosure of the lien on the Associations' interest in the Fifth Mortgaged Property. Count X adequately states a claim for foreclosure against the Associations, and "the Associations agree to the relief requested [in Count X]." (Doc. 58 at 20) Thus, no genuine issue of material fact exists regarding Count X.

Accordingly, the bank's motion (Doc. 58) for a default judgment against Mr. and Mrs. Costello on Counts VI through X is **GRANTED**, and the bank's motion (Doc. 58) for a summary judgment against the Associations on Count X is **GRANTED**. The bank's motion (Doc. 58) for a default judgment against the Tenants on Count VIII is **DENIED**. The clerk's default (Docs. 18, 20, 21, 22, 23) against each Tenant is **VACATED**. No later than **FEBRUARY 20, 2015**, the bank may amend the complaint to assert a claim against the Tenants.

ORDERED in Tampa, Florida, on February 10, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE